# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CHAD MILLER,<br><br>　　　　Defendant. | Case No. CR10-0014<br><br>ORDER FOR PRETRIAL DETENTION |

On the 19th day of April, 2010, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney C.J. Williams. The Defendant appeared personally and was represented by his attorney, Jonathan B. Hammond.

## RELEVANT FACTS

On March 18, 2010, Defendant Chad Miller was charged by Indictment (docket number 2) with being a prohibited person in possession of firearms. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on June 14, 2010.

Special Agent Michael Wempen of the Bureau of Alcohol, Tobacco and Firearms ("ATF") testified regarding the circumstances underlying the instant charge. On December 3, 2009, Defendant was arrested by Trooper Pete Streets of the Iowa State Patrol, and charged with operating a motor vehicle while intoxicated-third offense. While being videotaped, Defendant made threats to Trooper Streets, saying that "I will burn your house down," "I'll only be in jail one night," and "I know where you live."

1

According to the pretrial services report, Defendant was placed on pretrial release in state court on December 7, 2009. Later that same day, Trooper Streets' wife reported a white Ford Mustang slowing down in front of their house and "doing doughnuts." Streets' wife reported hearing a gunshot. Trooper Streets told his wife to go upstairs with his kids. Streets then assisted other officers in looking for Defendant. Defendant was subsequently found driving a white Mustang. An uncased shotgun was found in the car, together with 17 shells. Defendant was arrested on new charges of operating while intoxicated-3rd offense, and assault with use or display of a weapon.

On January 16, 2009, Iowa District Judge David H. Sivright signed a "Protective Order By Consent Agreement," which was filed in Jackson County on that date. Defendant was "restrained from any contact" with a woman named as petitioner in the order. The first page of the order – under the heading "WARNINGS TO RESPONDENT" – advises Defendant that "Federal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition (18 U.S.C. § 922(g)(8))." On the second page – under the findings portion at the top – the Court checked the paragraph identified as "(4)," indicating that "the defendant and protected party meet the definition of intimate partners."

The form provides that "**IF (4) IS CHECKED, the court must check box 6 prohibiting the defendant from possessing firearms.**" (capitalization and bold in original) Nonetheless, the issuing judge did not check box 6, which provides as follows:

> 6. If checked, the defendant shall not possess firearms while this order is in effect. Defendant shall deliver all firearms to the _____ County Sheriff or _____ (law enforcement agency) on or before _____, 20____. The defendant is advised that the issuance of this protective order may also affect the right to possess or acquire a firearm or ammunition under federal law. 18 §§ 922(d)(8) (g)(8).

*See* Protective Order By Consent Agreement (docket number 16).

According to the pretrial services report, Defendant is 32 years old and a lifelong resident of Jackson County, Iowa. Defendant is single, but has an 8-year-old daughter from a prior marriage, and a 3-year-old son from a subsequent relationship. Defendant earned a GED and, prior to his recent incarceration, was self-employed as a concrete subcontractor.

Defendant is in good physical health and has no history of mental health problems. Defendant admitted to the pretrial services officer that he regularly drinks to the point of intoxication. Defendant told the officer that he last consumed alcohol on December 4, 2009. Defendant denies the use of any controlled substances.

Defendant has a substantial criminal record, dating back to 1995. As a teenager, Defendant was convicted twice of theft in the fifth degree and interference with official acts. Defendant also received a deferred judgment for burglary in the third degree. In a single incident in December 1997, Defendant was charged (and later convicted) of possession of alcohol under age, open container, manner of conveyance (loaded gun), and attempting to take certain animals and migratory birds out of season. Subsequent to that time, Defendant has been convicted of theft in the fourth degree and open container-driver.

Defendant was convicted of operating while intoxicated in 2002, and convicted again of operating while intoxicated in 2003. As set forth above, Defendant was arrested on December 3, 2009 for operating while intoxicated, third offense. Defendant was subsequently convicted of that offense and on March 25, 2010 was sentenced to serve an indeterminate prison term not to exceed five years. Prior to being writted to federal custody on the instant charge, Defendant was incarcerated at the Iowa Medical and Classification Center ("IMCC") in Oakdale. Also, as noted above, Defendant was charged with operating while intoxicated, third offense, and assault with use or display of a weapon, as a consequence of the events on December 7, 2009. Trial in that case is currently scheduled for May 5, 2010.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with being a prohibited person in possession of firearms, one of the offenses found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or

combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, it should be noted initially that Defendant was serving an indeterminate prison term not to exceed five years in state court when he was writted to the custody of the United States Marshals for the instant action. That is, even if the Court found that Defendant should not be detained pursuant to 18 U.S.C. § 3142, he would simply be returned to state custody. The Court further notes that because Defendant has a state felony charge pending and the instant felony charge pending, he is not eligible for placement at an OWI facility for treatment, but instead would continue his placement at the IMCC in Oakdale. *See* Government's Exhibit 1.

5

Defendant is charged with being a prohibited person in possession of firearms. Special Agent Wempen testified that Defendant was found in possession of a shotgun and ammunition on December 7, 2009. While Defendant argues that he was not a "prohibited person" because box 6 was not checked on the protective order, the Court finds it unnecessary and inappropriate to resolve that issue here. Defendant has long ties to Jackson County and has two children who apparently live in the area. Prior to his recent incarceration, Defendant was self-employed as a concrete subcontractor, and was apparently regularly employed prior to that time. Defendant admits, however, that he regularly drinks to a point of intoxication and he has been convicted three times for operating while intoxicated. After being released on December 7, 2009, Defendant was stopped the same day and charged again with operating while intoxicated. Defendant was on pretrial release when the events which give rise to the instant charge occurred.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (April 14, 2010) to the filing of this Ruling (April 20, 2010) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 20th day of April, 2010.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA