# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 10-CR-14-LRR |
| vs. | **ORDER** |
| CHAD MILLER, | |
| Defendant. | |

_____

## *I. INTRODUCTION*

The matter before the court is Defendant Chad Miller's "Motion to Dismiss" ("Motion") (docket no. 21).

## *II. RELEVANT PROCEDURAL HISTORY*

On March 18, 2010, a grand jury returned an Indictment (docket no. 2) against Defendant. Count 1 charged Defendant with Being a Prohibited Person in Possession of Firearms, in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). The Indictment also contained a forfeiture allegation. On May 12, 2010, Defendant filed the Motion. On May 14, 2010, the government filed a Resistance (docket no. 22) to the Motion.

## *III. ANALYSIS*

In the Motion, Defendant asks the court to dismiss the Indictment on the basis that the government cannot prove that Defendant had notice "that he is prohibited from possessing a firearm or ammunition under federal law." Defendant's Brief in Support of Motion ("Def. Brief") (docket no. 21-1), at 1.

Defendant is charged with violating 18 U.S.C. § 922(g)(8), which makes it unlawful for an individual may to possess a firearm if he or she is subject to a court order that:

> (A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

> (B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and
>
> (C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or
>
> (ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury[.]

18 U.S.C. § 922(g)(8).

The government need not prove that Defendant had knowledge of the protective order's effect on his right to possess firearms and ammunition. *See United States v. Baker*, 197 F.3d 211, 220 (6th Cir. 1999) (stating that "had [the defendant] not received direct notice of his firearms disability, his prosecution under § 922(g)(8) would still not have resulted in a violation of his due process rights"). Accordingly, the court shall deny the Motion.

## V. CONCLUSION

For the foregoing reasons, the Motion (docket no. 21) is **DENIED**.

**IT IS SO ORDERED**.

**DATED** this 18th day of May, 2010.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA